FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA    2013 SEP -3 PM 2: 43

CASE NO.: _____

JENNIFER MANNING, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

5:13-cv-417-oc-22PRL

SECOND CHANCE JAI ALAI
LLC, a Florida Corporation d/b/a
OCALA POKER & JAI-ALAI,
Fictitiously; and JOSEPH
JAMES COFFEY, Individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff, JENNIFER MANNING, , on behalf of herself and all others similarly situated, by and through his undersigned counsel, and sue the Defendants, SECOND CHANCE JAI ALAI LLC, a Florida corporation d/b/a OCALA POKER & JAI ALAI, Fictitiously ("SECOND CHANCE") and JOSEPH JAMES COFFEY, ("COFFEY"), an individual, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1. That Plaintiff, former employee of Defendants, brings this collective action on behalf of herself and all other similarly situated employees of Defendants, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

Case 5:13-cv-00417-ACC-PRL Document 1 Filed 09/03/13 Page 2 of 5 PageID 2

Jennifer Manning v. Second Chance Jai Alai, LLC, et al.
Complaint
Page 2

4. That at all times material hereto, Plaintiff, and others similarly situated, were citizens and residents of this judicial district, sui juris and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants, were the employer of the Plaintiff, and others similarly situated, were conducting business in this judicial district and were an 'employer' under the FLSA.

6. That the Plaintiff, JENNIFER MANNING, was hired as a non-exempt employee by the Defendants.

7. That the Plaintiff, and others similarly situated, was a poker dealer at the Defendants' casino, and was a 'tipped' employees under the FLSA.

8. That during the Plaintiff's employment and others similarly situated, Defendants improperly claimed a 'tip-credit' for Plaintiff and others similarly situated, and illegally paid these employees below the statutorily required minimum wage under the FLSA.

9. That in order for Defendants to claim a 'tip-credit', the Plaintiff and others similarly situated must be properly notified of the provisions of the 'tip-credit', as well as all tips received by Plaintiff, and others similarly situated, must be absolutely retained by Plaintiff, or pooled with other alleged 'tipped' employees.

10. That Defendants however failed to comply with the 'tip-credit' requirements pursuant to the FLSA by this lack of legally required notice in addition to requiring the dealers to give their tips with other non-tipped employees, including but not limited to the positions of surveillance, cashier/audit and floor personnel.

11. That Defendants' failure to comply with the FLSA 'tip-credit' requirements results in Defendants' inability to claim a 'tip-credit' for Plaintiff and others similarly situated.

Case 5:13-cv-00417-ACC-PRL Document 1 Filed 09/03/13 Page 3 of 5 PageID 3

Jennifer Manning v. Second Chance Jai Alai, LLC, et al.
Complaint
Page 3

12. That Defendants, unable to claim a 'tip-credit', are required to compensate Plaintiff and others similarly situated, with at least the applicable minimum wage during the time periods of recovery.

13. That Defendants willfully refused and continues to willfully refuse to properly compensate Plaintiff, and others similarly situated, in violation of the FLSA, as the aforementioned 'tip-credit' was claimed despite the fact that Defendants had failed to comply with the 'tip-credit' requirements under the FLSA.

14. All records concerning the number of hours actually worked by Plaintiff, and others similarly situated, are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

15. Plaintiff, however, will exert her collective diligent efforts to obtain such information by appropriate discovery proceedings or otherwise to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff and others similarly situated.

## COUNT I
## FLSA - SECOND CHANCE JAI ALAI, LLC

Plaintiff, and others similarly situated, incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

16. Plaintiff, and others similarly situated, is entitled to the minimum wage for all hours worked pursuant to the FLSA.

17. By reason of the intentional, willful and unlawful acts of the Defendant, SECOND CHANCE, in violation of the FLSA, Plaintiff, and others similarly situated, has suffered damages.

Case 5:13-cv-00417-ACC-PRL   Document 1   Filed 09/03/13   Page 4 of 5 PageID 4

Jennifer Manning v. Second Chance Jai Alai, LLC, et al.
Complaint
Page 4

WHEREFORE, Plaintiff, JENNIFER MANNING, on behalf of herself and all others similarly situated, demands judgment against the Defendant, SECOND CHANCE, for all damages and relief under the FLSA, including but not limited to liquidated damages, attorneys' fees, interest, costs and expenses, all equitable relief, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA – JOSEPH JAMES COFFEY

Plaintiff, and others similarly situated, incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

18. Plaintiff, and others similarly situated, is entitled to the minimum wage for all hours worked pursuant to the FLSA.

19. By reason of the intentional, willful and unlawful acts of the Defendant, COFFEY, in violation of the FLSA, Plaintiff, and others similarly situated, has suffered damages.

WHEREFORE, Plaintiff, JENNIFER MANNING, on behalf of herself and all others similarly situated, demands judgment against the Defendant, COFFEY, for all damages and relief under the FLSA, including but not limited to liquidated damages, attorneys' fees, interest, costs and expenses, all equitable relief, in addition to all other relief this Court deems just and proper.

Case 5:13-cv-00417-ACC-PRL   Document 1   Filed 09/03/13   Page 5 of 5 PageID 5

Jennifer Manning v. Second Chance Jai Alai, LLC, et al.
Complaint
Page 5

## DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER MANNING, on behalf of herself and all others similarly situated, demand trial by jury of all issues triable as of right by a jury.

On August 27, 2013.

Respectfully submitted,

| | |
|---|---|
| WHITELOCK & ASSOCIATES, P.A. | LEVY & LEVY, P.A. |
| 300 Southeast Thirteenth Street | 300 Southeast Thirteenth Street |
| Fort Lauderdale, Florida 33316 | Fort Lauderdale, Florida 33316 |
| Telephone: (954) 463-2001 | Telephone: (954) 763-5722 |
| Facsimile: (954) 463-0410 | Facsimile: (954) 763-5723 |
| E-mail: cjwhitelock@bellsouth.net | E-mail: chad@levylevylaw.com |
| Co-Counsel for Plaintiffs | Co-Counsel for Plaintiff |
| | |
| Christopher J. Whitelock, Esq. | Chad E. Levy, Esq. |
| Florida Bar No. 067539 | Florida Bar No. 0851701 |