UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
**OCALA DIVISION**

CASE NO.: 5:13-cv-417-Oc-22PRL

JENNIFER MANNING, on behalf of
herself and all others similarly situated,

      Plaintiff,

v.

SECOND CHANCE JAI ALAI
LLC, a Florida Corporation d/b/a
OCALA POKER & JAI-ALAI,
Fictitiously; and JOSEPH
JAMES COFFEY, Individually,

      Defendants.
_____/

## AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT, AND TO DISMISS CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff and Defendants (the "Parties") jointly request the Court approve the Parties' proposed settlement of Plaintiff's claims (the "Settlement"), and dismiss this matter with Prejudice, and state the following grounds.

### SUMMARY

1. The Plaintiff, former employee of the Defendants, filed the instant action on September 3, 2013, against the Defendants for unpaid minimum wages allegedly due pursuant to the Fair Labor Standards Act (the "FLSA"). [D.E. #1].

2. The Defendants assert, and continue to assert, that they paid Plaintiffs consistent with the FLSA, and at all times acted in good faith and not in willful violation of the FLSA.

3. Putting the dispute aside for the time being, the parties, through their counsel, engaged in settlement discussions in an effort to resolve this matter.

CASE NO.: 5:13-cv-417-Oc-22PRL

4. As a result of these discussions, the Plaintiff and the Defendants have agreed to a Settlement, which is a resolution of all claims in this matter between the Defendants and the Plaintiff, which is attached herein as Exhibit A. This Settlement includes payment of wages to the Plaintiff totaling $12,000.00, along with attorneys' fees and costs totaling $8,000.00. As part of the dispute, the Plaintiff agreed not to pursue liquidated damages under the FLSA.

5. The Court by its Order dated December 4, 2013 required the parties to submit a revised settlement agreement they clarified the basis for the proposed settlement amount and to remove inappropriate settlement provisions. This amended joint motion for approval of settlement is submitted in compliance with the Court's Order.

6. The Defendants and the Plaintiff disagreed as to the amount owed to Plaintiff, assuming she was not properly compensated pursuant to the requirements of the FLSA. Defendants calculated her damages pursuant to the spreadsheet attached as Exhibit B. By their calculations Plaintiff was owed $4,128.21 in unpaid "tip credit" wages.[1] The Plaintiffs calculated that the Plaintiff was entitled to $10,415.71 of unpaid "tip credit" wages. See Exhibit C.

7. The Plaintiff will recover $12,000.00 pursuant to this proposed settlement; an amount greatly in excess of Defendants' calculated damages and slightly more than the amount calculated by her own attorney's. Defendants are willing to do this to compromise the

---

[1] Court would note from the attached exhibit that the Plaintiff worked for the Defendants in two capacities. One capacity she worked below the minimum wage as allowed by law but was entitled to "tip credit". She also worked for the Defendants for $15 an hour as a floor manager, an amount greatly in excess of the current minimum wage. The defendants would have disputed that Plaintiff was not properly compensated if her to wages were blended.

claim, minimize the attorney's fees paid to their own attorneys and to the Plaintiff's attorneys and to resolve the disputed liquidated damages claim.

8. The Parties jointly confirm that they had a bona fide dispute under the FLSA and that they settled this matter in order to resolve this dispute.

9. As part of the Settlement, the Parties have executed, amongst other things, a mutual general release, including a release of any and all alleged claims based on the FLSA, as well as any other claims the parties may have had against one another.

10. The attorneys fees in this matter have been negotiated separately and independent of the Plaintiff's wages, and both Parties agree the requested attorneys' fees of Plaintiff's counsel are reasonable.

11. All Parties have been represented by counsel throughout the litigation, and during the course of settlement. Additionally, the Plaintiff's claims involve disputed issues, and the Plaintiff is satisfied that the amount of her release payment represents a reasonable compromise of the claims.

12. The Parties attest to the fairness and reasonableness of their amicable Settlement, and request that the Court approve the Settlement, and dismiss the action with prejudice.

## MEMORANDUM OF LAW

### I. Approval of Settlements and Awards of Reasonable Attorneys' Fees and Costs

Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the Fair Labor Standard Act's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982)(*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945)).

CASE NO.: 5:13-cv-417-Oc-22PRL

There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. *Id.* First, under section 216(c) of the FLSA, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.* When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114; *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947)). If the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Lynn's Food Stores, Inc, at 1353; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5*th* Cir. 1977).

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. *Hamilton v. Frito-Lay, Inc.*, 2007 WL 219981 (M.D.Fla.); *Dail v. George A. Arab, Inc.*, 391 F.Supp.2d 1142 (M.D.Fla.,2005). In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fees. *Id.* While a court does have "an obligation to ascertain the reasonableness of any attorney fee award . . . an in depth analysis is not necessary unless the unreasonableness is apparent from the face of the documents." *Id.* (*quoting Perez v. Nationwide Protective Services*, Case 6:05-cv-328-ORL-22JGG (Oct.31, 2005).

CASE NO.: 5:13-cv-417-Oc-22PRL

## II. Analysis

The instant case involved a situation in which the Court may allow Plaintiff to settle and release her FLSA claims against Defendants. The Parties have agreed to settle this case and the proposed Settlement arises out of an adversarial context. The Parties agreed to the terms of this Settlement after they were counseled by their respective attorneys, and considered the totality of the circumstances of this bona fide dispute. The parties also agree that the Settlement represents a fair and equitable resolution of this matter. Indeed, the Defendants have agreed to pay Plaintiff a significant portion of the maximum amount she is owed from the Defendants, even though the Defendants dispute that the Plaintiff is entitled to any minimum wages. More specifically, under the terms of the Settlement, the Plaintiff is receiving a total of $12,000.00, which is being disbursed to the Plaintiff based upon the amount of hours she was employed with the Defendants during the two year period from August of 2011 through the filing of the lawsuit (Plaintiff was a former employee at the time of the filing of the suit). The parties agree that this amount is fair and reasonable for a number of reasons.

First, this case involved a bona fide factual dispute regarding the Defendants claiming a tip-credit for the Plaintiff. Although the Plaintiff claims she was owed minimum wages for improper tip-credit claims, the Defendants claimed that no such improper tip-credit occurred, and that the Plaintiff was paid all wages due. The Defendants also disputed the Plaintiff's entitlement to liquidated damages in that the Defendants partook in a good-faith effort to comply with the FLSA. Although the Plaintiff disputes the Defendants' position, the Plaintiff does recognize this dispute, and the reasons as to why the Defendants deny owing any damages. By obtaining this settlement, both parties were able to resolve this case without the risk of further litigation.

CASE NO.: 5:13-cv-417-Oc-22PRL

In addition, the amount of attorneys' fees and costs also are reasonable. Defendants agree that the requested attorneys' fees of Plaintiff's counsel are reasonable. Each party was represented by counsel throughout the litigation. Counsel was obligated to vigorously represent its clients' rights. The fees incurred are reasonable based on the litigation that occurred in this case. The Plaintiff's counsel actively litigated the case on behalf of the Plaintiff, including review and calculation of the Plaintiff's time-records, a round-trip to Ocala from Fort Lauderdale regarding the review of the Defendant's facility, and meetings/document review with the Plaintiff, along with settlement discussions. In short, based on the particular facts of this case and the recovery the Plaintiffs ultimately obtained, the fee amount is more than fair and reasonable, and thus there was no undue influence, overreaching, collusion or intimidation in reaching the settlement.

WHEREFORE, the Parties respectfully request that this Court (1) approve the Settlement Agreement, and (2) dismiss this case with Prejudice.

Dated: December 18, 2013

**[INTENTIONALLY LEFT BLANK]**

CASE NO.: 5:13-cv-417-Oc-22PRL

Respectfully submitted,

| | |
|---|---|
| WHITELOCK & ASSOCIATES, P.A. | LEVY & LEVY, P.A. |
| 300 Southeast Thirteenth Street | 300 Southeast Thirteenth Street |
| Fort Lauderdale, Florida 33316 | Fort Lauderdale, Florida 33316 |
| Telephone: (954) 463-2001 | Telephone: (954) 763-5722 |
| Facsimile: (954) 463-0410 | Facsimile: (954) 763-5723 |
| E-mail: cjw@whitelocklegal.com | E-mail: chad@levylevylaw.com |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiff |
| | |
| /s/ Christopher J. Whitelock | /s/ Chad E. Levy |
| Christopher J. Whitelock | Chad E. Levy |
| Florida Bar No. 067539 | Florida Bar No. 0851701 |

GILLIGAN, GOODING & FRAJOLA, P.A.
1531 S.E. 36th Avenue
Ocala, Florida 34471
Telephone: 352-867-7707
Facsimile: 352-867-0237
Email: pgilligan@ocalalaw.com
Counsel for Defendants

/s/ Patrick G. Gilligan, Esq.
Patrick G. Gilligan
Florida Bar No. 0375454