# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** (the "Agreement") is made and entered into as of December ___, 2013, between Jennifer Manning (hereinafter "Plaintiff") and Second Chance Jai Alai, LLC and Joseph James Coffey (hereinafter collectively "Defendants").   Plaintiff and Defendants may hereinafter be collectively referred to as "the Parties."

**WHEREAS,** Jennifer Manning presently is the plaintiff in a lawsuit pending against Defendants in the United States District Court for the Middle District of Florida, styled Jennifer Manning  vs. Second Chance Jai Alai, LLC and  Joseph James Coffey, (Case No. 5:13-cv-417-Oc-22PRL) (the "Civil Action"); and

**WHEREAS,** the parties to this Agreement desire to, and hereby do amicably, satisfy and resolve claims, demands, rights, and causes of action, that any Party may have against any other Party with respect the Civil Action and Plaintiff's employment with Defendants without any admission of fact or liability by either party.

**NOW, THEREFORE,** in consideration of the mutual promises, premises, covenants and obligations set out in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, and upon the terms and subject to the conditions contained herein, the Parties expressly agree and covenant as follows:

1.      **Incorporation of Recitals**:  The Parties expressly incorporate the recital of this Agreement as a part hereof.

2.      **Mutual Release by Defendants**

(a)      Defendants hereby expressly acknowledge receipt of the mutual covenants, promises, agreements and valuable consideration set out in this Agreement; and

1

(b)    In consideration of the mutual covenants, promises, agreements, and valuable consideration set out in this Agreement and with the exception of the duties, obligations and undertaking by Plaintiff in this Agreement, Defendants completely release and forever discharge Plaintiff of and from any and all act and actions, causes and causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, past or present, known or unknown, whether or not damages have accrued or are ascertainable, in law or in equity, which Defendants had or now have against the Plaintiff for, upon or by reason of any matter, cause or thing whatsoever, including but not limited to all matters related to this Action.  This release on the part of the Defendants shall be a fully binding and complete settlement between Plaintiff and Defendants and their respective assigns and successors.

(c)    Defendants' execution of this Release or payment of any consideration does not constitute in any way, shape or manner an admission of wrongdoing by Defendants or a validation of Plaintiff's claims.

3.    **Mutual Release by Plaintiff**

(a)    Plaintiff hereby expressly acknowledges receipt of the mutual covenants, promises, agreements and valuable consideration set out in this Agreement; and

(b)    Plaintiff waives and releases Defendants, and their related and affiliated entities of and from any claims, demands, damages, lawsuits, obligations, promises, administrative actions, charges, and causes of action, both known and unknown, in law or in equity, of any kind whatsoever, to all matters relating to or arising out of the Civil Action and Plaintiff's employment wage claims against Defendants. This release covers any causes of action

or claims under the Fair Labor Standards Act, as amended; and claims that may have arisen on matters governed by state or local laws, ordinances, and regulations related to claims for wages, separation pay or accrued benefits. Plaintiff agrees not to institute further administrative proceedings or lawsuits against Defendants, or their related or affiliated entities, and represents and warrants that no other person or entity has initiated or will initiate such proceedings or lawsuit on Plaintiff's behalf, arising out of their employment with Defendants.

    (c)    Plaintiff further agrees to dismiss with prejudice the claims raised in the Civil Action and any other actions pending in any court whatsoever, and to take any steps necessary to effectuate the dismissal of her claims in the Civil Action.

    (d)    Should a prospective employer contact Defendants directly seeking a reference regarding Plaintiff, Defendants will provide the prospective employer with a neutral reference only.

    4.    **Obligations of the Parties**

    (a)    Defendants shall pay or cause to be paid to the Plaintiff the total sum of Twenty Thousand Dollars ($20,000.00) (the "Settlement Amount"), in satisfaction of all claims released herein, including, without limitation, claims by Plaintiff and/or her attorney for attorney's fees and costs.

    (b)    The Settlement Amount shall be paid within twenty (20) business days following the Court's Order approving this Agreement.

    (c)    Plaintiff understands that Defendants are not making any representations regarding the taxability or non-taxability of the Settlement Amount and Plaintiff agrees that she is responsible for paying appropriate taxes regarding the Settlement Amount. Any tax consequences associated with Plaintiff's receipt of the payments set forth herein shall be the sole

and exclusive responsibility and obligation of Plaintiff. Plaintiff hereby agrees to indemnify, defend and hold Defendants harmless of and from any tax liability in any way arising from or related to this Agreement or any payments made under this Agreement, which indemnity shall include any attorney's fees or costs incurred in connection with defense of any tax liability asserted. Plaintiff agrees that, to the extent that any federal, state or local taxes and/or penalties of any kind may be due or payable as a result of the payment of the Settlement Amount, she will be responsible for, and will indemnify and hold Defendants and the other Releasees harmless from and against, the payment of such taxes and/or penalties.

5.    **Default.**        Should Defendants default by failing to make the aforesaid payment by the due date referred to above, or should any check be returned by any bank for any reason, Plaintiff, upon Affidavit of her attorney as to such default to be filed with the Court, shall be entitled to a Consent Judgment for the original settlement amount, without the necessity of further notice or hearing. Before initiating any proceedings to obtain a Judgment, Plaintiff shall notify Defendants in writing that they are in default of this Agreement and Defendants shall have ten (10) calendar days from the date such written notice is received by Defendants in which to cure the default. Any written notification to Defendants, under this Agreement shall be sent to: Brian Matthews, Second Chance Jai Alai, LLC, P.O. Box 580, Orange Lake, Florida 32681.

6.    **Fees and Costs for Collecting.**    If Defendants have failed to cure any default and bring the payments due under this Agreement current, Plaintiff shall be entitled to execute on the entire amount as specified in paragraph 4 in accordance with the laws of the State of Florida. Time is of the essence. Any debts owed shall be accelerated and immediately due and owing upon default. The prevailing party(ies) shall be entitled to attorney's fees and costs incurred.

7.      **Advice of Counsel.**  The Parties acknowledge that they hereby are advised to consult with an attorney prior to executing this Agreement, that they in fact had the assistance and advice of counsel in reviewing and understanding the Release and the underlying Agreement, and that they understand completely the Release and the legal effect thereof.  The Parties acknowledges that prior to executing this Agreement, they were given a reasonable period of time to review this Agreement and to determine whether or not to enter into it.

8.      **Non-Admission.**  This Agreement does not constitute an admission by any of the Releasees of any unlawful acts or of any violation of any federal, state or local constitution, statute or regulation, or any common law right.  Defendants expressly deny liability for any and all claims asserted by the Plaintiff, and the parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

11.     **Attorneys' Fees Inclusive.**  Except as noted in paragraph 5, the Plaintiff acknowledges and agrees that payment of the Settlement Amount satisfies fully claims for attorney's fees, costs and/or disbursements, including fees incurred in negotiation and preparation of this Agreement and fees incurred in connection with the Civil Action.  Neither Defendants nor any of the other Releasees shall have any liability whatsoever for such attorneys' fees, costs and/or disbursements.  Further, the Plaintiff agrees to indemnify and hold harmless Defendants from any claims of any attorney or law firm purporting to represent or to have represented the Plaintiff in the Civil Action or any dispute with Defendants.

12.     **Court Approval or Dismissal.**  This Agreement is contingent upon Court approval or dismissal with prejudice of the aforementioned lawsuit in federal court, which the parties agree to seek by filing a Joint Motion, or another appropriate document within ten (10) calendar days of the execution of this Agreement.

13.   **Successors.**  All of the foregoing shall inure to the benefit of Defendants, their predecessors, successors and assigns, and each of the Releasees, and be binding upon the Plaintiff and her heirs, executors, administrators, legal representatives, successors and assigns.

14.   **Prior Agreements and Modifications.**  This Agreement constitutes the entire agreement of the parties regarding this matter.  All other prior or contemporaneous agreements or understandings, verbal or written, are null and void.  Furthermore, no modification of this Agreement shall be made except by written agreement between the parties.

15.   **Severability.**  Should a court of competent jurisdiction hold any provision of the Agreement unenforceable or invalid, the Agreement shall be construed and enforced as if not containing that provision.

16.   **Jurisdiction.**  This Agreement shall be governed by the laws of the State of Florida, and the venue for any action arising therefrom shall be the state and federal courts with jurisdiction over Marion County, Florida.

17.   **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be a single agreement. The signatures to this Agreement need not all be on a single copy of this Agreement, and may be facsimiles or other electronic transmissions rather than originals, and shall be fully as effective as though all signatures were originals on the same copy.

18.   **Miscellaneous Provisions**

(a)   The individuals executing this Agreement in a representative capacity expressly represent and warrant that they are fully authorized and empowered to execute such documents on behalf of the party for which they are signing.

(b)     Each of the individuals signing this Agreement, whether in a representative or an individual capacity, hereby expressly warrants that he or she is in full command of his or her physical and mental faculties.

(c)     Defendants and Plaintiff agree that the section and paragraph headings in this Agreement are for convenience and reference only, and shall not be deemed to alter or affect the provisions thereof.

19.   **Entire Agreement**

(a)     The Parties expressly acknowledge and agree that this Agreement constitutes an integration of the entire understanding and agreement between the Parties hereto;

(b)     The Parties further acknowledge and agree that there are no representations, warranties, understandings, or agreements between the Parties other than those set out in this Agreement;

(c)     The Parties further acknowledge and agree that in entering into this Agreement, none of them relied on any representation, warranty, understanding, agreement, promise, or condition not specifically set out in writing in this Agreement;

(d)     Except as expressly provided in this Agreement, any prior and/or contemporaneous discussions, negotiations, agreements, and writings, have been and are terminated and superseded by this Agreement; and

(e)     No changes in or addition to this Agreement shall be valid, enforceable, or recognized, unless made in a writing and signed by all of the Parties.

**THE PARTIES ACKNOWLEDGE THAT EACH HAS BEEN REPRESENTED BY COUNSEL IN THE NEGOTIATION AND PREPARATION OF THIS AGREEMENT, THAT EACH HAS READ SAID DOCUMENT, THAT EACH HAS HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT EACH IS SIGNING THIS AGREEMENT KNOWINGLY**

**AND VOLUNTARILY WITH THE FULL INTENT TO BE BOUND BY ALL OF ITS TERMS.**

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement and Release on the day and date first set forth above.

Plaintiff Jennifer Manning

Date  12-13-13

Defendant Second Chance Jai Alai

Date  12-17-13

Defendant Joseph James Coffey

Date  12-17/13

E:\01 PGG\SECOND CHANCE - MANNING\Motions orders\Revised Settlement Agreement and Release.doc

-8-