UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JENNIFER MANNING,**

    Plaintiff,

v.                                      Case No: 5:13-cv-417-Oc-22PRL

**SECOND CHANCE JAI ALAI LLC and
JOSEPH JAMES COFFEY**

    Defendants.

_____

# REPORT AND RECOMMENDATION[1]

This matter is before the Court on the parties' Amended Joint Motion for Approval of Settlement, and to Dismiss Case with Prejudice. (Doc. 18). This Motion is submitted in accordance with the undersigned's December 4, 2013, Order directing the parties to submit a revised settlement agreement. (*See* Doc. 17).

Claims for compensation under the Fair Labor Standards Act ("FLSA") may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters "a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving a FLSA settlement, the court must determine if it "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354-55. If the settlement reflects a

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

reasonable compromise over issues that are actually in dispute, the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

With respect to attorney's fees and costs, the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (*quoting Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. Where the parties submit to the court

> a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

As set forth in the motion, the parties' settlement provides that Defendants will pay Plaintiff $12,000. According to the motion, Defendants believe that Plaintiff is owed $4,128.21 in unpaid tip credit wages, while Plaintiff believes that she is owed $10,415.71 in unpaid tip credit wages. The parties also dispute Plaintiff's entitlement to liquidated damages. Specifically, Defendants believe that Plaintiff is not entitled to liquidated damages because they made a good faith effort to comply with the FLSA. Plaintiff disputes this position. The agreement does not provide for liquidated damages, but Defendants have agreed to the $12,000 damages sum to minimize the

expense of attorneys' fees and to resolve the issue of liquidated damages. The parties explain that, though they disagree as to the damages due, they wish to enter into the settlement agreement to resolve the case without further litigation. In exchange for $12,000 in damages, Plaintiff agrees to release Defendants from all wage claims. The parties also assert that they have been represented by counsel throughout the litigation and settlement process. Under these circumstances, the undersigned finds the settlement reasonable, especially considering the vagaries of litigation.

Additionally, Defendants will pay $8,000 in attorneys' fees and costs. The parties assert that this amount was negotiated separately and independently from the determination of Plaintiff's damages. The Court thus finds that the agreed upon $8,000 in attorneys' fees and costs was determined independently, does not affect the payment to Plaintiff, and otherwise appears to be reasonable. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, the Court need not separately consider the reasonableness of the fee to be paid to Plaintiff's counsel.

Accordingly, after due consideration, it is respectfully **RECOMMENDED** that:

The parties' Amended Joint Motion for Approval of Settlement, and to Dismiss Case with Prejudice (Doc. 18) be **GRANTED** and the Settlement Agreement and Release (Doc. 18, Exh. A) be **APPROVED** by the district court. It is further respectfully recommended that, pursuant to the agreement of the parties, the case be **DISMISSED WITH PREJUDICE**.

Recommended in Ocala, Florida on January 9, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy